IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL DAVIS )
)
v. ) NO. 3:12-1035
)
NORTH AMERICAN VAN LINES, INC. )

TO: Honorable Todd J. Campbell, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered October 11, 2012 (Docket Entry No. 3), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispostiive motions, and a report and recommendation on any dispositive motions.

Presently pending is the Defendant's motion to dismiss (Docket Entry No. 5). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

**I. BACKGROUND**

The Plaintiff filed this action pro se in the General Sessions Court for Williamson County, Tennessee, on September 6, 2012, against North American Van Lines. In a manner which is typical of many pro se plaintiffs, the Plaintiff alleged facts purporting to show an injury caused by the

Defendant but failed to assert any actual legal cause of action. The General Sessions Civil Warrant filed by the Plaintiff asserts:

> Missing or stolen moving box (#33) valued at $15,377.00 which was supposed to be delivered on 2/12/12. Previously attempted to resolve dispute with moving company with no results.

See Docket Entry No. 1-1.

On October 10, 2012, the Defendant removed the action to this Court, pursuant to 28 U.S.C. §§ 1331 and 1337, on the basis of federal question jurisdiction contending that the action, which was brought against a motor-carrier for damages based on an act of interstate commerce and seeks in excess of $10,000.00, is governed by the laws of the United States. See Docket Entry No. 1. Five days later, the Defendant filed a Motion to Dismiss (Docket Entry No. 5) asserting that the action involves the interstate shipment of the Plaintiff's household goods pursuant to a Bill of Lading (Docket Entry No. 5-1). As such, the Defendant argues that any state and common law claims asserted by the Plaintiff are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and that the Plaintiff's sole remedy is limited to that provided by the Carmack Amendment. See Defendant's Memorandum of Law (Docket Entry No. 6).

By Order entered November 27, 2012 (Docket Entry No. 7), the Court gave the Plaintiff a deadline of January 4, 2013, to respond to the Motion to Dismiss. On January 4, 2013, the Plaintiff filed a letter with the Court in which he stated, "I would like to continue my actions against NA Van Lines per their motion to dismiss. Please provide the next actions I need to take to pursue this issue." See Docket Entry No. 10.

By Order entered January 28, 2013 (Docket Entry No. 11), the Court advised the Plaintiff that his letter was too vague and unresponsive to the Defendant's motion to be viewed as an actual

2

response to the motion to dismiss. Nonetheless, the Court, in recognition of the Plaintiff's pro se status, took the Defendant's motion under advisement in order to allow the Plaintiff to file an amended complaint that more clearly set out the facts of his action and his specific legal cause(s) of action. The Court gave the Plaintiff a deadline of February 8, 2013, to file his amended complaint, and specifically warned the Plaintiff that his failure to file an amended complaint as ordered by the Court shall be construed by the Court as an admission by the Plaintiff that his action is preempted by the Carmack Amendment and should be dismissed.

The Plaintiff has not filed an amended complaint as ordered by the Court nor taken any type of other action in response to either the Court's January 28, 2013, Order or the Defendant's motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the factual allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v.

Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000); abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The Plaintiff's failure to file an amended complaint as ordered by the Court requires dismissal of his action for two reasons. First, the Plaintiff's failure to comply with a specific directive of the Court indicates a failure to prosecute on his part. Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. It is also well-settled that federal trial courts have the inherent power to manage their own dockets, Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). Dismissal of the action with prejudice is appropriate in light of the Plaintiff's conduct of ignoring the directives of the Court.

Second, by failing to file an amended complaint or an actual response to the Defendant's motion to dismiss, the Plaintiff has not shown that his complaint should not be dismissed. Given the cursory and vague nature of the complaint filed by the Plaintiff in state court, the Defendant has asserted a valid defense that the Plaintiff raises only claims that are preempted from consideration by the Carmack Amendment. See W.D. Lawson & Co. v. Penn Central Co., 456 F.2d 419, 421 (6th Cir.1972); American Synthetic Rubber Corp. v. Louisville & N. R. Co., 422 F.2d 462, 466 (6th Cir. 1970). The Plaintiff has not addressed this issue in any manner. Furthermore, in accordance with the January 28, 2013, Order, by his failure to file an amended complaint, the Plaintiff is deemed to have admitted that this action is preempted by the Carmack Amendment and should be dismissed.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS the Motion to Dismiss (Docket Entry No. 5) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a

waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge